**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:21-cr-00003-JRS-CMM-1 |
| vs. | ) | |
| | ) | |
| ROBERT DEAN, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

On June 15, 2026, the Court held an initial and final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on June 11, 2026 [Dkt. 61]. Robert Dean ("Defendant") appeared with FCD counsel, Joseph Cleary. The Government appeared by Linsday Karwoski, Assistant United States Attorney. U.S. Probation appeared by Officer Jennifer Considine.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit to Violation Number 1 and Violation 2. During the course of the hearing, the defendant declined to admit Violation Number 2 in its entirety; consequently, the Government dismissed Violation Number 2 without objection. The parties' agreement included a recommendation of a 10-month prison sentence (a sentence within the recommended range of four to 10 months).[1] The parties also recommended that no term of supervised release be imposed upon completion of the sentence.

---

[1] Upon granting the motion to dismiss Violation 2, the Court inquired whether the parties wished to review or renegotiate the recommended sentence of 10 months. Both declined. Violation Number 1 is the most serious grade of violation (Grade B) in any event.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1.      The defendant was advised that on June 11, 2026, this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the magistrate judge's recommendation.

2.      After being placed under oath, Defendant advised that he consented to the proposed agreement and admitted Violation Number 1.

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

**VIOLATION NUMBER**     **NATURE OF NONCOMPLIANCE**

1.      "You shall not use or possess any controlled substances prohibited by applicable state of federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."

On May 7, and June 2, 2026, Mr. Dean submitted a urine drug test which returned positive for amphetamines and cannabinoids. As previously reported to the Court, Mr. Dean submitted a urine drug test which also returned positive for amphetamines and cannabinoids on April 20, 2026. Mr. Dean initially denied use of amphetamines; however, the test confirmed positive for methamphetamine.

4.      The parties stipulated that:

(a)      The highest grade of violation is a Grade **B** violation.

(b)      Defendant's criminal history category is **I**.

(c)      The range of imprisonment applicable upon revocation of supervised release, therefore, is **4-10** months imprisonment.

5.      The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), finds that:

2

(a)      The Defendant violated the supervised release condition as alleged in Violation 1 and adjudicates him guilty of the violation;

(b)      Consistent with the parties' agreement, the Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 10 months and further recommends placement at FCI  Marion (as requested by defendant).

(c)      That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.   In so doing, the Magistrate Judge notes that the defendant had been sentenced pursuant to a supervised release revocation in November 2025.  Released in April 2026, the defendant submitted a positive urine drug screen (methamphetamine and cannabinoids) only six days later. Two other positive screens followed in May and June.  The defendant's case is tragic and his future is grim.  Despite probation efforts to support any effort to free himself of addiction, the defendant continues to flaunt the law and reject the support supervised release can offer.   The record is clear that any continued supervised release would be unlikely to work and a strain on resources best concentrated on individuals who want to change their lives.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated:  June 15, 2026

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana


Distribution:  All ECF-registered counsel of record via email generated by the court's ECF system